IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY KELLY                        *
                 Petitioner,
        v.                               *  CIVIL ACTION NO. AW-07-2036

STATE OF MARYLAND              *
                 Respondent.
                                       ***

## **MEMORANDUM**

The above-captioned Petition for habeas corpus relief was received for filing on July 27, 2007. The action raises a direct attack on Petitioner's continuing detention at the Clifton T. Perkins State Hospital Center ("Perkins"), where he remains confined after being found incompetent to stand trial by Montgomery County Circuit Court Judge Durke G. Thompson in May of 2004.[1]

The court finds that three primary allegations have been raised in the Petition. First, Petitioner claims that the decision to find him incompetent was retaliatory and discriminatory in nature. Second, he alleges that the incompetency finding was factually incorrect and was predicated on the lies of a forensic psychiatrist at Perkins. Third, Petitioner raises a due process challenge to the review process. Respondent has filed a show cause answer. The case may be determined without oral hearing. *See* Local Rule 105.6. (D. Md.). For reasons to follow the Petition shall be dismissed.

Petitioner's claims of retaliation and discrimination are conclusory in nature. Further, Petitioner has presented no real substantive constitutional challenges to Judge Thompson's 2004 decision to find him incompetent to stand trial. He has offered no more than disagreements with the

---

[1] In 2002 and 2003, Petitioner was charged with two rapes, two murders, burglary, robbery, and use of a handgun in a crime of violence. He was transferred to Perkins for an evaluation of his competency and, after extensive evaluation and reporting, Perkins' staff found Petitioner incompetent to stand trial. As already noted, Judge Thompson concluded that Petitioner was not competent to stand trial. This determination occurred after an exhaustive 11-day competency hearing.

conclusions of Perkins' staff and Judge Thompson to find him incompetent. This does not set out a claim of constitutional dimension.

Moreover, a habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973). Petitioner seeks to attack the state court competency findings of Perkins and the state court. He does not contend that a state remedy is unavailable for his claims and a review of the cause of action reveals that he has not fully exhausted his remedies as to this issue.[2] Therefore, this action must be dismissed for the failure to exhaust available state court remedies.[3] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

For the aforementioned reasons, the Court shall dismiss the case without prejudice for the failure to exhaust state court remedies. A separate order follows.

Date: November 21, 2007                         /s/
                                                Alexander Williams, Jr.
                                                United States District Judge

---

[2]   Attachments indicate that Petitioner did not appeal his original incompetency and commitment decision. Moreover, while Petitioner did file actions in the Circuit Court for Baltimore City seeking a release hearing under Md. Code Ann., Health-General, § 10-805, his appeal remains pending in the Court of Special Appeals of Maryland.

[3]   On the basis of the materials currently before the Court, however, the undersigned finds that Respondent has comported with due process with regard to the commitment review process. Respondent must report to the state court every six months with regard to Petitioner's case and the state court must reassess Petitioner's competency on an annual basis. *See* Md. Code., Ann., Crim. Proc., §§ 3-104 to 3-108. According to the record, Respondent has monitored Petitioner's competence since his commitment and the state circuit court has reviewed Respondent's reports and determined that Petitioner should remain committed.
Periodic reports have been prepared for court review and the court has held hearings with regard to Petitioner's continued commitment. At the most recent hearing, held on January 17, 2007, it was determined that Petitioner continued to meet the criteria under § 3-104 to 3-108 and Petitioner should remain confined at Perkins. The next review of Petitioner's competency to stand trial is scheduled for January 18, 2008.